No. 25,334.

The State of Kansas, *ex rel.* Charles B. Griffith, Attorney-general, *Appellee*, v. Rural High School Joint District No. 8. of the Counties of Wabaunsee and Shawnee, et al., *Appellants*.

SYLLABUS BY THE COURT.

Rural High School Joint District—*Petition Requesting Change of Boundaries—Failure of County Superintendents of Adjoining Counties to Make an Order in Response to Petition—Appeal Lies to Superintendent of Public Instruction.* An appeal lies to the state superintendent of public instruction from the failure of the county superintendents of adjoining counties to agree to an order in response to a petition requesting that territory in rural high school districts situated within one of the counties be detached from those districts and that territory, together with other territory not in

any rural high school district, be attached to a joint rural high school district situated in both counties.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed February 9, 1924. Reversed.

*W. A. S. Bird, Orla L. Aley, Tinkham Veale,* and *Ralph H. Gaw,* all of Topeka, for the appellants.

*Charles B. Griffith,* attorney-general, *J. R. Moreland,* of Eskridge, *E. A. Austin,* and *W. E. Atchison,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff sought to enjoin the defendants from carrying into effect an order made by the state superintendent of public instruction, on an appeal from the failure of the county superintendents of Shawnee and Wabaunsee counties to order territory to be detached from rural high school districts No. 4 and No. 5 of Wabaunsee county and to order that territory, together with other territory not in any high school district, to be attached to rural high school joint district No. 8 of Shawnee and Wabaunsee counties. Judgment was rendered for the plaintiff, and the defendants appeal.

It may be profitable to notice in whose name the action was commenced. That is fully set out in the "further amended petition" on which the action was tried. That petition contains the following:

"Comes now The State of Kansas, on the relation of Charles B. Griffith, Attorney General of the State of Kansas, having by leave and order of the court herein been substituted as plaintiff herein instead of Rural High School District No. 4 of Wabaunsee County, Kansas, Rural High School District No. 5 of Wabaunsee County, Kansas, and J. M. Beach and Robert Christian of District No. 4 and W. T. Eckles and H. W. Lidzy of district No. 5, for themselves and for and on behalf of all other resident owners of property in Rural High School Districts Nos. 4 and 5 in Wabaunsee County, Kansas, described and purporting in the order of the State Superintendent of Public Instruction of date, November 21st, 1922, to have been detached from said Rural High School Districts Nos. 4 and 5, and attached to Rural High School District No. 8 of Wabaunsee and Shawnee Counties, Kansas, and given leave to file this further amended petition herein as such substituted plaintiff herein, now for its further amended petition in said action alleges and says: . . ."

Findings of fact and conclusions of law were made by the trial court as follows:

"1. The court finds that on or about July 8th, 1922, there was filed in the office of M. O. Wright, County Superintendent of Wabaunsee County, Kansas, a petition for the transfer of territory from Rural High School Districts

Nos. 4 and 5 of Wabaunsee County, Kansas, to Rural High School Joint District No. 8 of Shawnee and Wabaunsee counties, Kansas, certain territory (a copy of said petition being attached to the plaintiff's amended petition and marked Exhibit D) and that a hearing thereon was had on August 31st, 1922, as hereinafter found.

"2. The court further finds that notice of the hearing of said petition was signed by M. O. Wright, County Superintendent of Wabaunsee County, Kansas, and by Theodore R. Jordan, acting clerk of Josiah Jordan, County Superintendent of Shawnee County, Kansas; that at the time of the signing of said notice by Theodore R. Jordan, Josiah Jordan, his father, the County Superintendent of Shawnee County, Kansas, was confined to his home on account of illness and Theodore R. Jordan advised with his father with reference to signing his father's name to said notice, and was authorized and directed by Josiah Jordan to affix his signature to said notice, which was done. Said notice was introduced in evidence as Exhibit No. 1.

"3. Josiah Jordan died on August 19, 1922, and Dave Wallace was by the Board of County Commissioners of Shawnee County, Kansas, duly appointed as his successor and legally qualified as County Superintendent of Shawnee County prior to August 31st, 1922.

"4. That Dave Wallace issued no notice of the hearing of said petition before the County Superintendents of Wabaunsee and Shawnee Counties, Kansas, but that the hearing thereon was had upon the notice referred to in the foregoing finding, No. 2.

"5. The court further finds that on August 31st, 1922, said petition was heard by M. O. Wright and Dave Wallace, county superintendents of Wabaunsee and Shawnee counties, respectively, at Alma, Kansas, and was attended by officers, representatives and attorneys for Rural High School District Nos. 4 and 5 and also Joint District No. 8, together with other objectors and petitioners to the number of twenty or more persons interested in said hearing.

"6. The court further finds that said county superintendents proceeded to hear said petition and made findings and orders as follows, to-wit: .

" 'Now, on this 31st day of August, 1922, at the office of the County Superintendent of Wabaunsee county, Kansas, came regularly for hearing before M. O. Wright and Dave Wallace, the county superintendents of Wabaunsee and Shawnee counties, Kansas, acting jointly, and also came D. S. Kinzy, F. L. McCoy and Lee Allen, as the School Board of Rural High School District No. 5, Wabaunsee county, Kansas, and for themselves; and W. T. Eckles, Howard Griggs and H. W. Lidzy, et al., objecting that any territory be taken from the Rural High School District No. 5 and attached to said Joint Rural High School District No. 8, and said objectors first filed an objection to the sufficiency of the notice served and posted by said county superintendents, which objection was jointly overruled by both superintendents, and exceptions taken by the objectors, and further objectors filed a motion asking that the petition be quashed, held for naught and set aside for the reason that it was contrary to the statutes of Kansas governing such cases, which motion was jointly overruled by both county superintendents, and exceptions taken thereto by the objectors.

" 'The petition then on file was presented and evidence taken and after listening to the argument of counsel, Orla L. Aley, representing Joint District No. 8, and J. R. Moreland, representing Rural High School District No. 5.

" 'It was found that County Superintendent M. O. Wright was not in favor of sustaining the petition filed and granting the transfer of territory therein asked to Joint Rural High School District No. 8, and no joint decision could be arrived at, after due consideration by the aforesaid County Superintendents acting jointly.'

"7. That an appeal was taken from the order mentioned in the foregoing Findings by the Board of Education Rural High School Joint District No. 8 of Wabaunsee and Shawnee counties, Kansas, and others, to the State Superintendent of Public Instruction; a copy of which notice of appeal is attached to the plaintiff's amended petition, marked Exhibit F.

"8. That on or about October 18th, 1922, the State Superintendent of Public Instruction set said appeal for hearing on October 24th, 1922, at ten o'clock a. m., at her office in the capitol building at Topeka, Kansas, and caused to be mailed a circular letter notifying the attorneys for the interested parties and the two county superintendents of the date and place of said hearing.

"9. That Nettie E. Wright, who was appointed and qualified as County Superintendent of Wabaunsee County, Kansas, as the successor of M. O. Wright, on or about September 1st, 1922, did not receive a copy of said notice of the hearing of said appeal, but did have actual knowledge and notice of the hearing before the State Superintendent of Public Instruction for at least one day prior thereto.

"10. That on October 24th, 1922, the State Superintendent of Public Instruction proceeded to hear said appeal, at which time the appellants and all interested parties were present, except said Nettie E. Wright, County Superintendent of Wabaunsee County, Kansas. That thereafter and on November 21st, 1922, the State Superintendent of Public Instruction determined said appeal, and made an order directing said Nettie E. Wright to transfer certain territory from Rural High School Districts Nos. 4 and 5 and other territory to Joint Rural High School District No. 8; a copy of which is attached to the plaintiff's amended petition and marked Exhibit O.

"CONCLUSION OF LAW.

"1. That the authority for transferring territory from one rural high-school district to any adjoining rural high-school district is found in Section 6, Chapter 284, Session Laws, 1917, which section does not provide for an appeal to the State Superintendent of Public Instruction, and therefore, the appeal and order with reference thereto by said State Superintendent was unauthorized by law and the same should be set aside.

"2. The court further finds the issues in this action in favor of the plaintiffs and against the defendants."

The failure of the county superintendents to agree on an order in effect denied the request of the petitioners. Could an appeal be taken to the state superintendent of public instruction from what,

amounted to an order of the county superintendents denying the request of the petitioners?

Session laws are cited in the briefs almost exclusively. Since the action was tried and the briefs were written, the revised statutes have been published. Those laws have found their proper places therein.

Section 72-3509 of the Revised Statutes, a part of the rural high-school law, reads:

"The county superintendents of public instruction shall have authority to transfer territory from any rural high-school district to any adjoining rural high-school district or to any school district in which a four-year accredited high school is maintained, and notice of any such transfer of territory shall be given as provided by law for changes in school-district boundaries, and an appeal from the action of the county superintendent to the county commissioners may be taken in the manner provided by law for an appeal in the alteration of. school-district boundaries; and county superintendents of public instruction shall have the same general supervision over rural high schools as they have by law over district schools, and rural high-school districts shall be governed as provided by law for school districts except as provided in this act."

This section provides for an appeal from the county superintendent to the county commissioners. In what instances is such an appeal provided for? From the action of a county superintendent in transferring territory from one rural high-school district to another. This law cannot apply to the alteration of joint rural high-school district boundaries because two counties are involved and, if an appeal is taken, two boards of county commissioners must be appealed to and must act, and that would be cumbersome and ineffective.

The statute providing for an appeal in the alteration of school-district boundaries is section 72-309, which in part reads as follows:

"If in the formation or alteration of or refusal to form or alter school districts any person or persons shall feel aggrieved, such person or persons may appeal to the board of county commissioners, who shall confer with the county superintendent, and their action shall be final."

This applies only to districts situated wholly within one county and does not apply where joint school districts are involved. Appeals from orders concerning joint school districts are to the state superintendent of public instruction, as provided by section 72-305 of the Revised Statutes of 1923, the material part of which reads:

"That if in the alteration of or refusal to alter the boundaries of any joint school district or in the attaching or refusal to attach to a school district adjacent territory situated in another county, any person or persons shall feel ag-

grieved, such person or persons may appeal to the state superintendent of public instruction . . . and his decision on said appeal shall be final . . ."

The last clause of section 72-3509, part of the rural high-school law, should be again noticed. It reads:

"County superintendents of public instruction shall have the same general supervision over rural high schools as they have by law over district schools, and rural high-school districts shall be governed as provided by law for school districts except as provided in this act."

Joint rural high-school districts are governed by the law governing common-school districts except where the rural high-school law provides otherwise, and that law does not make any specific provision for an appeal concerning joint rural high-school districts. It follows that the law governing joint common-school districts must apply. That law provides for an appeal to the state superintendent of public instruction, which is simple and effective where two or more counties are involved.

A number of issues were presented by the pleadings and are argued in the briefs, but no evidence is abstracted. The parties to the action as commenced, the findings of fact, and the conclusions of law indicate that the question of the appeal from the county superintendents to the state superintendent of public instruction was the principal, if not the only, matter considered by the trial court. An erroneous conclusion was reached on that question. That conclusion probably controlled the second conclusion of law as well as the judgment. For that reason, there should be a new trial.

The judgment is reversed, and a new trial is directed.