No. 25,845.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Appellant*, v. RURAL HIGH SCHOOL JOINT DISTRICT No. 8, of Wabaunsee and Shawnee Counties, DAVE WALLACE, County Superintendent of Public Instruction of Shawnee County, and IDA M. EBERHARDT, County Superintendent of Public Instruction of Wabaunsee County, *Appellees*.

SYLLABUS BY THE COURT.

1. JOINT SCHOOL DISTRICTS—*Statute Provides Methods for Forming and Changing Boundaries of Joint School Districts*. The statute provides different methods (1) for forming a joint school district by creating a new district from territory lying in more than one county, (2) for forming a joint district by attaching land in one county to an existing district in another, and (3) for altering the boundaries of a joint district already formed. The act making the regulations covering ordinary school districts applicable where territory is sought to be transferred from one rural high-school district to another authorizes such transfer although the application therefor is not signed by its owners or occupants.

2. SAME—*New Method for Attaching Certain Territory to a Rural High School District*. Inasmuch as the statute relating to rural high-school districts (while saying that territory may be transferred from one such district to another "as provided by law for changes in school-district boundaries" and that "rural high-school districts shall be governed as provided by law for school districts except as provided by the act") specifically provides a new method for attaching to a rural high-school district territory not previously a part of one, that method is controlling and exclusive.

3. SAME—*Order of State Superintendent of Public Instruction—Objections Thereto Untenable*. Various objections to the validity of an order of the state superintendent of public instruction transferring territory from one rural high-school district to another are held to be untenable.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed December 6, 1924. Modified and affirmed.

The State, *ex rel.*, v. Rural High-School Joint District.

*Charles B. Griffith,* attorney-general, *J. R. Moreland,* of Eskridge, *E. A. Austin,* and *W. E. Atchison,* both of Topeka, for the appellant.

*W. A. S. Bird, Tinkham Veale,* and *Ralph H. Gaw,* all of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: An effort was made to enlarge the boundaries of rural high-school joint district No. 8 of Shawnee and Wabaunsee counties. An appeal from the failure of the superintendents of public instruction of the two counties to make the change was taken to the state superintendent, who ordered it. An action was brought by the attorney-general in the name of the state to enjoin the execution of the order for an enlargement. An injunction was granted but was set aside by this court, the point determined being that the statute gives an appeal to the state superintendent in such a situation. (*The State, ex rel., v. Rural High School Joint District,* 115 Kan. 526, 222 Pac. 1106.) Upon a new trial judgment was rendered for the defendants, from which this appeal is taken.

Of the territory ordered to be added to rural high-school joint district No. 8, 11,440 acres were to be taken from rural high-school districts No. 4 and No. 5, of Wabaunsee county, and 960 acres had not previously been within any rural high-school district. The application for the change in boundaries asked that it be made under the authority of chapter 303 of the Session Laws of 1915, which consists of three sections, now known as R. S. 72-303, 72-304 and 72-305. These sections refer to ordinary school districts, but the statute concerning rural high-school districts provides that transfers of territory from one of such districts to another shall be made "as provided by law for changes in school district boundaries" and that "rural high-school districts shall be governed as provided by law for school districts except as provided in this act." (R. S. 72-3509.)

The application for the change of boundaries was signed by the resident owners of 3,880 acres, by tenants of 4,040 acres, and by nonresident owners of 400 acres. It was not signed by either owners or occupants of the remaining 4,080 acres. The first section of the act of 1915 cited reads:

"When it shall become necessary to form a school district lying partly in two or more counties, the county superintendents of the counties in which the said tract of country shall be situated, when application shall be made in writing to any one of them by five householders, residents therein, shall, if

by them deemed necessary, meet and proceed to lay off and form the same into a school district, issue notices for the first district meeting and shall file the proper papers in their respective offices: *Provided,* That whenever a resident of a school district desires his property attached to an adjacent district situated in another county, he may make application to the county superintendent of the county in which he lives and the county superintendent of the county in which such adjacent district is located to have his property attached to such adjacent district for school purposes, and such county superintendents, if by them deemed necessary and for the best interest of the applicant, shall attach the property of said applicant to the adjacent district: *Provided further,* That no property shall be attached to an adjacent district situated in another county until notice has been given of an intention so to do and a hearing had as to the necessity or advisability of attaching such territory to the adjacent district." (R: S. 72-303.)

1. The plaintiff urges that the clause "whenever a resident of a school district desires his property attached to an adjacent district situated in another county" refers only to the owner of the land involved, not to a mere tenant. In the preceding portion of the section provision is made for the creation of a district lying partly in two or more counties upon the petition of "five householders, resident therein." A householder need not be the owner of the land he occupies (R. S. 77-201, subdiv. 25) and the words "his property" as used in the proviso may perhaps be interpreted as including land occupied by a householder who is not its owner. But that matter is not vital here. The section just quoted in full relates in terms only to the situation arising where it is desired to create a joint school district, either by forming a new district from territory of different counties, which requires the signatures of five householders residing in such territory, or by attaching territory of one county to a district already existing wholly within another, which requires the signatures of the owners (or perhaps tenants) of the property proposed to be so attached. Provisions for adding new territory to a district in the same county, or for shifting territory from one existing district to another, are included in the next two sections, reading:

"Such district so organized or having had adjacent territory in another county attached thereto shall be designated as 'joint district number————, counties of ————,' and the boundaries of such district shall not be altered except by the joint action of the superintendents of the several counties represented in said district." (R. S. 72-304.)

"That if in the alteration of or refusal to alter the boundaries of any joint school district or in the attaching or refusal to attach to a school district adjacent territory situated in another county, any person or persons shall

feel aggrieved, such person or persons may appeal to the state superintendent of public instruction, and notice of such appeal shall be served on the superintendents of the several counties represented in said district within twenty days after the rendition by them of the decision appealed from, which notice shall be in writing." (R. S. 72-305.)

The present case is not one of attaching territory in Wabaunsee county to a rural high-school district of Shawnee county, thereby creating a joint district, but of adding to a joint district already in existence, territory the greater part of which is taken from other rural high-school districts. As to that part of the territory we hold the objection based upon the lack of signatures of resident owners not to be well taken.

2. With respect to the attempt to bring into the rural high-school joint district land which had not previously been a part of any rural high-school district, a different situation is presented. The statute reads:

"Territory outside the limits of any rural high-school district, but adjacent thereto, may be attached to such high-school district for high-school purposes, upon application being made to the rural high-school board by a majority of the electors of such adjacent territory, and upon the approval of said rural high school board and the consent of the county superintendent of public instruction." (R. S. 72-3514.)

While this section does not in so many words refer to districts situated in more than one county, or to more than one county superintendent, it is expressly made to cover "any rural high-school district," and is to be interpreted as requiring the consent of both county superintendents in the case of a joint district, with an appeal to the state superintendent. Inasmuch as the statute makes this specific provision for adding to a rural high-school district territory not previously a part of one, while leaving transfers from one such district to another to be governed by the general regulations made for ordinary school districts, the method so pointed out must be regarded as exclusive. The order of the state superintendent must therefore be held ineffective so far as concerns land other than that taken from the two Wabaunsee county rural high-school districts. Only 960 acres, however, are affected by this ruling, and its inclusion does not invalidate the rest of the order.

3. The plaintiff contends that the statute (R. S. 72-303) providing for the making of an application for a change of boundaries to the superintendents of the two counties affected requires that it

shall be filed with and considered by both, and that the application here involved was not filed with nor considered by the Shawnee county superintendent. The law does not require it to be filed with both officials, and there was a sufficient showing of its having been considered by each.

The plaintiff further contends that the requirement of the section of the statute just cited that "no property shall be attached to an adjacent district . . . until notice has been given of an intention so to do" was not met, because the notice here given did not state that an intention to grant the application had been arrived at. The words quoted do not mean that the county superintendents must finally make up their minds to attach land before they give notice of a hearing on the subject. The notice stated that at a time and place named action would be taken upon the application, and this complied with the manifest purpose of the statute.

The name of the Shawnee county superintendent was affixed to the notice by his son. The point is raised that this violated the rule against delegating the exercise of official judgment and discretion. The affixing of the signature was an act proper to be performed by any one authorized by the superintendent. (*Stanhope v. Rural High School District,* 110 Kan. 739, 742, 205 Pac. 648.)

After the notice of the application had been given the Shawnee county superintendent died, and his successor acted at the hearing. The change in personnel did not affect the validity of the notice or the hearing. The statute (R. S. 19-2607) authorizing a new incumbent of a county office to complete unfinished business or records from written memoranda presents no obstacle to what was done here.

It is contended that the Wabaunsee county superintendent had no legal notice of the hearing of the appeal to the state superintendent, although it is conceded she had actual notice at 4:30 p. m. that the hearing would be held at 10 o'clock the next morning. There was explicit evidence of a timely preparation of such notice and evidence from which its receipt might be inferred. The trial court did not specifically find that the notice was not duly received, and if necessary to support the judgment a finding to the contrary may be implied from the general finding for the defendants. The application of this familiar rule in the present case may seem somewhat technical, but it is not more so than the objection it meets.

A further contention is that the state superintendent had no authority to order the transfer of land of petitioners who did not join in the appeal to that officer. The appeal having been properly taken by the board of the joint high-school district, and by others, its effect was to bring up for review the entire matter of the proposed change.

"An appeal must take up for review the whole subject matter acted upon by the tribunal from which the appeal is taken . . An appeal can not be taken in fragments, but the whole question must be reviewed together." (*Field v. School District*, 83 Kan. 186, 189, 190.)

A final objection to the validity of the order changing boundaries is that improvement bonds of the two Wabaunsee county rural high-school districts were outstanding, the obligations of which would be impaired by detaching territory from these districts. The problem of the adjustment of existing debts as between the districts creating them and territory detached therefrom is one to be worked out under the statutes relating to that subject. It does not enter into the question of the policy to be followed in regard to the territory which should be embraced within a particular district.

The judgment is affirmed, with the modification that the 960 acres not previously a part of a rural high-school district shall be eliminated from the order of the state superintendent.