No. 30,068.

The State of Kansas, ex rel. J. S. Parker, County Attorney of Graham County, *Plaintiff,* v. Rural High-school District No. 1, in Norton County, et al., *Defendants.*

(8 P. 2d 330.)

Opinion filed March 5, 1932.

*J. S. Parker,* county attorney, for the plaintiff.

*W. L. Sayers,* of Hill City, for rural high-school district No. 3 in Graham county.

*H. R. Tillotson,* of Lenora, *Robert W. Hemphill, J. F. Bennett,* both of Norton, *Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Virgil V. Scholes* and *Margaret McGurnaghan,* all of Topeka, for rural high-school district No. 1 in Norton county.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in the nature of quo warranto to test the validity of certain proceedings for the attachment of territory in Graham county to a rural high-school district of Norton county. After issues were joined the parties requested the

court to appoint a commissioner to hear the evidence and make findings of fact and conclusions of law. Complying with the request, this court appointed Hon. T. D. Relihan, of Smith Center, its commissioner for that purpose. He has heard the evidence, made findings of fact and conclusions of law, and reported them to this court. The question presented here is on plaintiff's motion to modify the report, and upon defendant's motion to confirm it.

The facts, as stipulated by the parties and found by the commissioner, may be stated briefly as follows: Rural high-school· district No. 1 of Norton county was an organized, existing rural high-school district. All of the territory comprising it was situated in Norton county, the southern boundary of the district being the south line of the county. The majority of the residents of certain described adjacent territory situated in Graham county, and not at that time within any rural high-school district, petitioned the high-school board of rural high-school district No. 1 of Norton county, and the county superintendent of that county, to be admitted by annexation to rural high-school district No. 1 of Norton county. This petition was approved by the board of rural high-school district No. 1 of Norton county, March 8, 1930. On March 11, 1930, the county superintendent of public instruction of Norton county gave her consent, in writing, to the attachment of the territory to rural high-school district No. 1 of Norton county and made the appropriate record of such attachment, and on March 20, 1930, duly published the notice of the attachment of such territory to such school district. The county superintendent of Graham county was not consulted about these proceedings and did not give his consent thereto. Since March 11, 1930, rural high-school district No. 1 of Norton county has assumed to exercise authority and jurisdiction for school purposes over the territory in question, and claims the same to be a part of such rural high-school district, and the residents of such territory have participated in educational facilities and business activities of such school.

Thereafter, and in the latter part of June, 1930, proceedings were had attempting to attach the territory in controversy, or a part of it, together with other territory, to rural high-school district No. 3 of Graham county, to which proceedings the county superintendent of Graham county gave his consent, made an appropriate record attaching such territory to rural high-school district No. 3 of Graham county, and duly published a notice thereof. An appeal was

taken from his ruling to the board of county commissioners of Graham county, which sustained his action.

Thereafter, and in August, 1930, proceedings were had to attach the territory in dispute to rural high-school district No. 1 of Norton county. This was agreed to by the county superintendent of Norton county, but the county superintendent of Graham county refused to give his consent thereto, and an appeal was taken to the state superintendent of public instruction, who appears not to have acted upon the matter at the time this action was brought.

The territory in question is several miles closer to the schoolhouse in rural high-school district No. 1 in Norton county than it is to the schoolhouse in rural high-school district No. 3 of Graham county.

The first question for determination here is whether the proceedings had for the attachment of the territory in dispute to rural high-school district No. 1 in Norton county in March, 1930, were in conformity to law. If so, the territory is a part of that district, and the subsequent proceedings would be ineffectual to remove it therefrom.

Our statute relating to this question is R. S. 1931 Supp. 72-3514, the pertinent portion of which reads:

"Territory outside the limits of any rural high-school district, but adjacent thereto, may be attached to such high-school district for high-school purposes, upon application being made to the rural high-school board by a majority of the electors of such adjacent territory, and upon the approval of said rural high-school board and the consent of the county superintendent of public instruction: . . . The county superintendent shall make a record of such attachment of territory and shall publish a notice of the same, and thereafter such attached territory shall be and compose a part of such rural high-school district for such rural high-school purposes only and the taxable property of such adjacent territory shall be subject to taxation and shall bear its full proportion of all expenses incurred in maintaining said rural high school."

In quoting this statute we have omitted the portion relating to an appeal from the county superintendent, since no such appeal was taken in this case. An examination of this statute and of the proceedings had in March, 1930, to attach the territory in question to rural high-school district No. 1 of Norton county, discloses that the proceedings were in accord with this statute in all respects. The territory in question was adjacent to an existing rural high-school district; it was not within the territory of any rural high-school district; a majority of the electors resident in the territory petitioned

to be annexed to the district; the petition for the territory to be annexed was presented to the proper board and to the county superintendent of Norton county and received favorable action, as contemplated by this statute. Plaintiff argues that because this territory was situated in a county other than the one in which rural high-school district No. 1 of Norton county was situated, this statute should be held not to apply. There is no reason for that interpretation. The legislature, by this statute, did not make county lines a test. The test is territory not in any rural high-school district adjacent to a rural high-school district, and the wish of the people within that territory.

Plaintiff argues that none of the sections of the statute with respect to organizing rural high schools in one or more counties, or the changing of boundary lines thereof, specifically cover the situation presented by the record in this case. We see no reason why the statute above quoted does not cover it completely.

Both parties cite the case of State, ex rel., v. Rural High-school Joint District, 117 Kan. 332, 231 Pac. 337. (An earlier decision in the same case is reported in 115 Kan. 526, 222 Pac. 1106.) Those decisions refer to the procedure for adding territory to an existing rural high-school joint district. The procedure in such a case differs from that provided by the above-quoted statute with respect to adding territory not in any rural high-school district to an existing rural high-school district. The first syllabus reads in part:

"The statute provides different methods (1) for forming a joint school district by creating a new district from territory lying in more than one county, (2) for forming a joint district by attaching land in one county to an existing district in another, and (3) for altering the boundaries of a joint district already formed."

In the opinion, after quoting the above statute (R. S. 72-3514), it was said:

"While this section does not in so many words refer to districts situated in more than one county, or to more than one county superintendent, it is expressly made to cover 'any rural high-school district,' . . . Inasmuch as the statute makes this specific provision for adding to a rural high-school district territory not previously a part of one, . . . the method so pointed out must be regarded as exclusive." (p. 335.)

In this case our commissioner, as one of his conclusions of law, held:

"The territory described in finding number 2 was properly attached to rural high-school district No. 1, Norton county, Kansas, in the proceedings taken for that purpose in March, 1930, and said rural high-school district rightfully exercises authority and jurisdiction over such territory. The consent of the county superintendent of public instruction of Graham county, Kansas, to such attachment was not required."

We concur with the conclusion of law by our commissioner. The result is, judgment must be entered for the defendant, rural high-school district No. 1 of Norton county.

It is so ordered.

DAWSON and SMITH, JJ., not sitting.