No. 34,394

THE STATE OF KANSAS, ex rel. JAY SULLIVAN, County Attorney of Lyon County, *Plaintiff*, v. GEORGE L. McCLENNEY, as Superintendent of Public Instruction of the State of Kansas, *Defendant*.

(92 P. 2d 15)

Opinion filed July 8, 1939.

*Jay Sullivan*, county attorney, and *Everett E. Steerman*, of Emporia, for the plaintiff.

*Jay S. Parker*, attorney general, and *E. V. Bruce*, assistant attorney general, for the defendant.

The opinion of the court was delivered by

DAWSON, C. J.: This is an original proceeding in mandamus in which the state's relator asks this court to direct the state superintendent of public instruction to take jurisdiction of an appeal from an order of the county superintendent of Chase county attaching

certain adjacent territory in Lyon county to a rural high school in Chase county.

The state superintendent declined to take such jurisdiction on advice of the attorney general that the statute relied on by the state's relator is inapplicable. To determine the legal question, a brief summary of the pertinent facts must be visualized:

In the northeastern part of Chase county adjacent to Lyon county there is a rural high-school district indifferently known as the Saffordville rural high-school district and as the Toledo Township rural high-school district. Its school building is situated in the village of Saffordville in Chase county. Its eastern boundary for some distance is the Chase-Lyon county line.

On February 20, 1939, certain electors of Lyon county residing in a territory of 22 sections of land in Lyon county adjacent to the Saffordville rural high-school district, such electors constituting a majority of the electors of the described territory, made written application to the rural high-school board of Saffordville to have their described territory of 22 sections in Lyon county attached to that district for high-school purposes. The school board approved the application and the county superintendent of public instruction of Chase county likewise gave her consent thereto.

It appears that thereafter some public interest arose touching what appellate review might be available to persons concerned who were opposed to the attachment of this considerable amount of Lyon county territory to a Chase county rural high-school district for high-school purposes; and some attempt was made to appeal the matter to the state superintendent of public instruction. On his refusal to act, this proceeding in mandamus was instituted and set down for hearing at our regular session of court in May. Deeming it advisable to have the county superintendents of schools of Chase and Lyon counties impleaded, and likewise the boards of county commissioners of those two counties, we continued the cause until our regular sitting in June, after ordering those public officials to be brought into the case. That has now been done, and their answers are on file, in which they ask this court to say which of them, if either, has jurisdiction of the matter at any stage of the proceedings and for any purpose; but none of them takes any definite position in reference to the immediate legal question requiring decision. None of them is contentious on the incidental questions whether it is the consent of the county superintendent of Chase county or the

consent of the county superintendent of Lyon county which the statute requires to effectuate the attachment of the territory described in the electors' application, or whether the appeal given by the statute is to the board of county commissioners of Chase county or to the county commissioners of Lyon county.

Without a real issue joined by litigants and their counsel on one or both of those incidental questions, we must leave them undetermined, and confine our attention to the one formally presented, which is, Has the state superintendent any duty in the premises? The pertinent statute, in part, reads:

"Territory outside the limits of any rural high-school district, but adjacent thereto, may be attached to such high-school district for high-school purposes, upon application being made to the rural high-school board by a majority of the electors of such adjacent territory, and upon the approval of said rural high-school board and the consent of the county superintendent of public instruction: *Provided,* That an appeal may be taken from the decision of the county superintendent to the board of county commissioners, if such property proposed to be attached is within one county, and to the state superintendent of public instruction if same be within two or more counties, whose respective decision in either case will be final. . . ." (G. S. 1935, 72-3514.)

A careful reading of this statute makes it perfectly plain that it is only in cases where the property (territory) to be attached is within two or more counties that the state superintendent of public instruction has either authority or duty to be concerned. Here the territory to be attached is within one county. It necessarily follows that the writ of mandamus applied for must be denied and judgment must be entered for defendant. It is so ordered.

HARVEY and THIELE, JJ., concur in the result.