No. 34,735

ESTHER JONES et al., *Appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CHASE et al., *Appellees*.

(103 P. 2d 899)

Opinion filed July 6, 1940.

*Jay Sullivan, Edward H. Rees* and *Everett E. Steerman,* all of Emporia, for the appellants.

*Owen Samuel, Jr.,* county attorney, and *H. C. O'Reilly,* of Cottonwood Falls, for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs instituted an action against the defendants to prevent further action in a proceeding for attachment of territory

to a rural high-school district, as more fully set out later. A demurrer to their petition was sustained, and they appeal.

The factual situation giving rise to the present controversy was this: In the eastern part of Chase county was a rural high-school district known under a variety of names, but probably properly, called Rural High School District No. 1, Chase county, the eastern line of which was the west line of Lyon county. In 1939 an application was made to the rural high-school board of the above district to have attached to the district about twenty-two sections of land, all lying in Lyon county and adjacent to the above district. This application was approved by the rural high-school board and consented to by the county superintendent of Chase county. Within due time some of the residents of the territory sought to be attached appealed to the board of county commissioners of Chase county, where the rural high-school district was situated, another group appealed to the board of county commissioners of Lyon county, where the land sought to be attached was situated. A third group attempted to appeal to the state superintendent of public instruction, who declined to take jurisdiction. With the matter in this situation, the state, on the relation of the county attorney of Lyon county, brought an original proceeding in mandamus in this court to compel the state superintendent to take jurisdiction. This court denied the writ. (See *State v. McClenny,* 150 Kan. 331, 92 P. 2d 15.) Thereafter, and on October 2, 1939, the appeal to the board of county commissioners of Lyon county was heard by that board, which held that the ruling, decision and order of the county superintendent of Chase county that the land in Lyon county be attached to Rural High School District No. 1 of Chase county should be set aside, canceled and held for naught for reasons not now material. On the same day, the same persons who had appealed to the board of county commissioners of Lyon county instituted an action in Chase county to enjoin further proceedings by the board of county commissioners of that county, and a restraining order was issued. Later, upon permission being granted to include additional parties, plaintiff and defendant, an amended petition was filed.

Briefly stated, the amended petition alleged the residence of plaintiffs and the status of the defendants; the existence of Rural High School District No. 1 comprised of territory situated only in Chase county; that a petition had been circulated by one Rich to have approximately twenty-two sections of land in Lyon county

attached to the territory of the rural high-school district; that the petition was presented to the rural high-school board, which approved it, and that on February 20, 1939, the county superintendent of Chase county had consented to the attachment of the territory, and had thereafter given notice thereof; that plaintiffs, being aggrieved by the decision, perfected an appeal from the decision to the county superintendent to the board of county commissioners of Lyon county, and on March 11, 1939, their notice of appeal was filed in the office of the county clerk of Lyon county, and an executed copy was forwarded to the county superintendent of Chase county, a copy of the notice of appeal being attached to the petition; that the appeal was heard by the board of county commissioners of Lyon county at a regular meeting held October 2, 1939, and that board reversed, set aside, canceled and held for naught the order and consent of the county superintendent of Chase county, a copy of the board's order being attached to the petition. It was further alleged that the board of county commissioners of Lyon county had jurisdiction and that by its order all matters pertaining to the attachment of the territory had been fully completed and determined, but, notwithstanding, the board of county commissioners of Chase county had set the matter of the appeal filed by other residents residing in the territory sought to be attached for Ocober 4, 1939, and had asserted they had jurisdiction in the matter and would hear that appeal; that any purported proceedings by the board of county commissioners of Chase county would be illegal and without effect; that any attempted action to attach the territory to Rural High School District No. 1 of Chase county would cause an illegal tax to be imposed upon the property of the plaintiffs, etc. Appropriate allegations for a temporary injunction were made. The prayer was for a temporary injunction and that upon a full trial the defendants be permanently enjoined from acting further to attach the territory or any part thereof to the rural high-school district. On October 2, 1939, the district court issued an order restraining further action by the defendants until October 27, 1939, at which time the cause was set for hearing.

The defendants demurred to the petition on the ground it did not state facts sufficient to constitute a cause of action and on the further ground the plaintiffs did not have legal capacity to maintain the action. Defendants also filed a motion to have the restraining order set aside. The trial court heard the demurrer and motion

and concluded that the plaintiffs had capacity to maintain the action, that the petition did not state a cause of action, and that the restraining order should be vacated, and it entered judgment accordingly.

In the trial court, the principal question was which board of county commissioners had jurisdiction of the appeal from the decision of the county superintendent of Chase county by reason of the provisions of G. S. 1935, 72-3514. In a memorandum opinion, the learned trial court made a review of some of the decisions of this court which it believed had bearing on the question, and then stated that with a great deal of difficulty it had reached the conclusion the appeal was to the board of county commissioners of Chase county, its reasons, very much summarized, being that it did not appear to be logical the board of commissioners of one county should pass on the decision of the county superintendent of another county; that the court could not bring itself to the conclusion that the legislature intended otherwise; that the schoolhouse and the larger part of the territory would be in Chase county and the rural high-school district would be under the jurisdiction of the Chase county superintendent; that under decisions of this court, consent of the county superintendent of Lyon county was not required, and county lines were not the test; that the lands involved were not in any other rural high-school district, and a majority of the electors thereof had made application to have the territory attached to the Chase county district, and it appeared that Chase county had the greater interest in the matter of whether the application should be granted.

From the judgment of the trial court the plaintiffs appeal. Although the defendants filed no cross-appeal, they contend here that plaintiffs may not maintain the action, calling our attention to many decisions to the effect that the existence of a school district or the validity of an annexation of adjoining territory may not be tested in a proceeding by private parties, and that the state alone may maintain such an action. No good purpose will be served by a review of the cases so holding. The present action is not within the purview of such cases. Here proceedings looking to attachment had been commenced, but had not been fully completed. Of the regularity of the application for attachment, the approval by the rural high-school board and the consent of the county superintendent there is no question. But that an appeal lies under the above

statute may not be doubted, and until that appeal has been disposed of, there has been no attachment. Parties aggrieved are given a right of appeal from the action of the county superintendent. If the plaintiffs are right in their contention that the appeal is to the board of county commissioners of Lyon county, which set aside the order of the Chase county superintendent, then certainly they may protect themselves and prevent any action by the board of county commissioners of Chase county which, under their contention, has no voice in the matter.

The question decisive of this appeal is this: Where a rural high-school district is organized with territory exclusively in one county, and thereafter an application is made to the rural high-school board to have territory adjacent, but lying exclusively in another county, attached to the district, and the application is approved by that board and consented to by the county superintendent of the first county, is an appeal taken by residents of the territory sought to be attached to the board of county commissioners of the county where the rural high-school district is situated or to the board of the county where the lands sought to be attached are situated? The statute under which the proceedings were instituted, and which is fully controlling here, and insofar as here necessary to note, reads as follows:

"Territory outside the limits of any rural high-school district, but adjacent thereto, may be attached to such high-school district for high-school purposes, upon application being made to the rural high-school board by a majority of the electors of such adjacent territory, and upon the approval of said rural high-school board and the consent of the county superintendent of public instruction: *Provided,* That an appeal may be taken from the decision of the county superintendent to the board of county commissioners, if such property proposed to be attached is within one county, and to the state superintendent of public instruction if same be within two or more counties, whose respective decision in either case will be final." (G. S. 1935, 72-3514.)

Our attention has been directed to some of our decisions pertaining to attaching territory to school districts, under the above and other statutes, but in none of them was the question of right of appeal involved, except in *State v. McClenny,* supra, in which it was held the appeal was not to the state superintendent. In that case the question now before us was mentioned but not decided.

The question must be answered by interpretation of the statute. Certain conclusions are obvious. No provision is made for two appeals. If the land is within one county, the appeal is to the board

of county commissioners, and its judgment is final. If the lands are within two or more counties, the appeal is to the state superintendent of public instruction and in such case his decision is final. There can be no appeal from the decision of the board of county commissioners to the state superintendent. What legislative intention can be deduced? Why did the legislature provide for any appeal to the state superintendent? In the instant case, had the territory involved been wholly within Chase county, certainly the appeal would have been to the board of county commissioners of that county. Had twenty-one sections been in Chase county and one section in Lyon county, under the positive language of the statute the appeal would have been to the state superintendent, and the board of county commissioners of Chase county would have had no jurisdiction. The legislature evidently thought that in such circumstance there should be but one appeal, and that to an official who owed neither county any duty as against the other. The converse would seem to be that if land lay wholly within one county, the legislative intention was that the board of county commissioners of that county should hear the appeal. Otherwise, there was no point to the provision for appeal to the state superintendent. If the board of county commissioners of the county wherein the district was originally organized could entertain the appeal were the lands wholly within that county, but could not if even a small tract included in the whole were in another county, by what process of reasoning may it be said that board of county commissioners was authorized to hear an appeal concerning lands lying wholly without their county? We think that the statute contemplated no such result, but that the legislature intended that if lands sought to be attached lay wholly within one county, the appeal must be to the board of county commissioners of that county.

The ruling of the trial court that plaintiffs had legal capacity to maintain the action was correct. Its conclusion that the amended petition did not state facts sufficient to constitute a cause of action cannot be sustained.

The ruling sustaining the demurrer to the petition is reversed.

HARVEY, J., concurs in the result.