No. 36,709

THE LENORA RURAL HIGH SCHOOL, Joint District No. 1 of Norton and Graham Counties, *Petitioner,* v. PAUL McGUIRE, Superintendent of Public Instruction of Graham County, *Respondent.*

(171 P. 2d 291)

Opinion filed July 29, 1946.

*Ward Martin,* of Topeka, argued the cause, and *A. Harry Crane* and *Harry Snyder, Jr.,* both of Topeka, *W. L. Sayers,* of Hill City, and *J. C. Tillotson,* of Norton, were on the briefs for the petitioner.

*C. E. Birney,* of Hill City, and *Earl H. Hatcher,* of Topeka, argued the cause for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original action for a peremptory writ of mandamus. The petitioner is the Lenora Rural High School, Joint District No. 1 of Norton and Graham counties. The respondent is Paul McGuire, superintendent of public instruction of Graham county.

The petitioner seeks to compel respondent to certify to the county clerk of Graham county a description of the boundaries of the petitioner school district including adjacent territory in Graham county alleged to have been properly attached to the petitioner school district. The certificate sought is required by G. S. 1935, 72-218, in order that property situated within a district may be made available for school tax purposes.

A majority of the electors in the adjacent territory in Graham county applied to the high-school board of the petitioner district to have the territory, not in any school district, attached to the peti-

tioner district. The application was approved by the board and had the consent of the county superintendent of public instruction of Norton county in which the school building was located. After such favorable action was obtained numerous electors attempted to have their names withdrawn from the application. If the attempted withdrawals were legal the application lacked a majority of electors. In the view we take of the case it is unnecessary to determine the validity of the attempted withdrawals.

Respondent has lodged a general demurrer to the verified petition for the writ. The first and fundamental legal question raised by the demurrer is whether it was necessary for the applicants to obtain also the consent of the county superintendent of Graham county to attach to the existing *joint* school district the adjacent territory in Graham county which was *no part of any school district.* The petition discloses such consent could not be obtained. The question of the necessity for such consent being the determinative issue it is unnecessary to narrate other averments of the petition.

The petitioner contends the procedure for the attachment of adjacent territory which is no part of a rural high-school district to any rural high-school district is governed by the provisions of G. S. 1935, 72-3514, and that it does not require the consent of the county superintendent of Graham county. The pertinent portion of the statute relied upon reads:

"Territory outside the limits of any rural high-school district, but adjacent thereto, may be attached to such high-school district for high-school purposes, upon application being made to the rural high-school board by a majority of the electors of such adjacent territory, and upon the approval of said rural high-school board and the consent of the county superintendent of public instruction. . . ."

The petitioner further insists it has been determined the procedure under that statute is controlling and exclusive where, as here, the adjacent territory to be attached to a rural high-school district is no part of any rural high-school district, citing *State, ex rel., v. Rural High-School Joint District,* 117 Kan. 332, 231 Pac. 337 (1924) ; *State, ex rel., v. Rural High-school Dist.,* 134 Kan. 674, 8 P. 2d 330 (1932).

It is true we have held the statute is controlling where the adjacent territory to be attached is no part of any rural high-school district and is attached to a district other than an existing *joint* rural high-school district. (*State, ex rel., v. Rural High-school Dist.,* 134 Kan. 674, 8 P. 2d 330.) But is that statute alone con-

trolling where such territory is sought to be attached to an existing *joint* high-school district? The only case called to our attention involving this particular point is *State, ex rel., v. Rural High-school Joint District,* 117 Kan. 332, 335, 231 Pac. 337. It was there held the consent of both county superintendents, in case of a *joint* district, was necessary to make the attachment valid under the statute. The petitioner, however, contends that particular ruling is *obiter dictum.* The ruling resulted from an analysis of various statutes relied upon by the parties to the litigation. The question was not and is not now entirely free from difficulty but we believe the ruling was proper and should be followed.

The case of *State, ex rel., v. Rural High-school Dist.,* 134 Kan. 674, 8 P. 2d 330, also relied upon by petitioner is not directly in point. That case, as previously indicated, involved the creation of the instant petitioner joint district. In other words, in that case we did not have the question of attaching adjacent land to an *existing joint* high-school district. Under those circumstances we held the statute completely covered the case and that the consent of the county superintendent of Graham county was not necessary. After quoting the statute in that opinion the court said:

"Both parties cite the case of *State, ex rel., v. Rural High-school Joint District,* 117 Kan. 332, 231 Pac. 337. (An earlier decision in the same case is reported in 115 Kan. 526, 222 Pac. 1106.) Those decisions refer to the procedure for adding territory to an *existing* rural high-school *joint* district. The procedure in such a case differs from that provided by the above-quoted statute with respect to adding territory not in any rural high-school district to an existing rural high-school district." (Our italics.) (p. 677.)

It is conceded the greater portion of the territory comprising the joint petitioner district is situated in Norton county. The petitioner also directs our attention to G. S. 1935, 72-3508, which in part provides that any rural high-school district which lies partly in two or more counties " . . . shall be under the supervision and control of the county superintendent of that one of the counties in which at any time lies the greatest portion of the territory comprising said district." But G. S. 1935, 72-304, provides that *after* a joint school district has been organized " . . . the boundaries of such district shall not be altered except by the joint action of the superintendents of the several counties represented in said district." Moreover, the pertinent provision of G. S. 1935, 72-305, also reads:

"*And provided further,* That each joint district, *except in matters relating to the alteration of the boundaries thereof,* shall be under the jurisdiction and control of the superintendent of that one of the counties in which the main school building is located." (Our emphasis.)

The addition of the adjacent territory, of course, would affect an alteration of the boundaries of the joint school district. Considering these various provisions together, as they must be considered, we think it was the legislative intent the boundary lines of a joint high-school district constituted one subject matter over which no one of the county superintendents should have exclusive supervision and control.

The petitioner also directs attention to *State v. McClenney,* 150 Kan. 331, 92 P. 2d 15, and *Jones v. Chase County Comm'rs,* 152 Kan. 278, 103 P. 2d 899, as authority for its previous contention the provisions of G. S. 1935, 72-3514, are controlling. Neither of these cases involved the attachment of adjacent territory to an existing *joint* rural high-school district.

In passing it may be well to mention that G. S. 1935, 72-3514, was amended in 1927 with respect to the subject of appeal but not with respect to the provision now under consideration. (Laws 1927, ch. 271.)

The conclusion reached relative to the necessity for obtaining the consent of the county superintendent of Graham county renders it unnecessary to treat other questions presented in the briefs of the parties.

The petition for the writ is denied.

PARKER, J., not participating.