D. FIELD *et al., Appellees,* v. SCHOOL DISTRICT No. 110 OF BUTLER COUNTY *et al., Appellants.*

No. 17,045.

SYLLABUS BY THE COURT.

1. JOINT SCHOOL DISTRICTS—*Change of Boundaries—Appeal—Jurisdiction—Parties.* Where application is made to the county superintendents of public instruction of the several counties interested in a joint school district, and such superintendents consider such application and jointly make an order changing the boundary lines of such joint district, any person aggrieved may appeal from such order to the state superintendent of public instruction. This is the only remedy provided by statute. If this remedy is not pursued, an action for injunction can not be maintained.

Field v. School District.

2. —— *County Commissioners May Not Entertain Appeal.*
In such a case an appeal can not be taken to the board of
county commissioners of either county in which the joint
district is partly situated.

3. —— *Change of Boundaries Affecting a District Wholly
within a County—Appeal.* The mere fact that a district
lying wholly within one county is incidentally affected in the
order changing the boundary lines of the joint district will
not change the question of appeal.

Appeal from Butler district court. Opinion filed
July 9, 1910. Reversed.

*George J. Benson,* and *T. A. Kramer,* for the appel-
lants.

*C. L. Aikman,* and *H. W. Schumacher,* for the ap-
pellees.

The opinion of the court was delivered by

GRAVES, J.: This is an appeal from the district
court of Butler county. The controversy arises from
a change of the boundary lines of a joint school district.
Application was made by the voters of district No. 110,
which is a joint district, lying partly in the county of
Butler and partly in the county of Sedgwick, and also
by the voters of district No. 100, which lies wholly
within Butler county, requesting that a part of the
lands compassing district No. 100 be taken from that
district and added to district No. 110. The application
was made to the superintendent of Butler county, who,
after a conference with the superintendent of Sedg-
wick county over the telephone, proceeded to give no-
tice that the application would be considered at El Do-
rado, in Butler county, on the 17th day of September,
1909.

At the appointed time the superintendent of Butler
county was present, but the superintendent of Sedg-
wick county did not attend, being unable to leave home.
The superintendent of Butler county heard all that was
presented for and against the proposed change. He did

not decide the case immediately, but took it under advisement, and went to Wichita to confer with the superintendent of Sedgwick county, taking all the papers relating to the case with him. He met the superintendent of Sedgwick county and they conferred together concerning the matters involved in the controversy. As a result of such conference, they jointly made an order that the proposed changes be granted. Notice of the granting of this order was given by posting notices in five public places in each of the districts concerned that such order had been granted, and that unless an appeal should be taken within ten days the changes made would be completed. The notice was signed by the superintendent of Sedgwick county. An appeal was taken, the notice of which reads:

"To W. H. McDaniel, county superintendent of Butler county, Kansas; J. W. Swaney, county superintendent of Sedgwick county, Kansas; school district No. 110 (joint district); school district 100 in Butler county, Kansas; M. L. Arnold, county clerk of Butler county, Kansas:

"You and each of you are hereby notified that we, the undersigned, appeal to the board of county commissioners of Butler county, Kansas, from the decision rendered by the above-named W. H. McDaniel, superintendent of public instruction of Butler county, Kansas, and J. W. Swaney, superintendent of public instruction of Sedgwick county, Kansas, on the 23d day of September, 1909, altering and changing the boundary line of school district No. 100 in Butler county, Kansas, by detaching from said school district the following-described territory, to wit [here follows a description of the land], and attaching said land to school district No. 110; and said school district No. 100 feels aggrieved at said decision, and the action and decision of W. H. McDaniel, superintendent of public instruction of Butler county, Kansas, and J. W. Swaney, superintendent of public instruction of Sedgwick county, Kansas, for the following reasons: [Stating reasons.]

"Wherefore, . . . appellants ask that their appeal be sustained, that the pretended decision of W. H. McDaniel and J. W. Swaney . . . be reversed and

annulled, and that said territory be allowed to remain as a part of school district No. 100. Dated this first day of October, 1909.     SCHOOL DISTRICT No. 100.
By CHARLES WALKER, *Treasurer*."

No other appeal was taken. The two county superintendents and the officers of district No. 110 were proceeding to make the changes specified in the order, and this action of injunction was commenced against them. The petition recited in substance the foregoing facts. A trial to the court was had and a perpetual injunction granted.

The only tribunal authorized by statute to change the boundaries of a joint district is the superintendents of the several counties interested in the district, acting jointly, and if any person shall feel aggrieved at the action taken such person may appeal to the state superintendent of public instruction. No other appeal is contemplated. (Laws 1879, ch. 158, § 1, Gen. Stat. 1909, § 7398.)

The appeal attempted to be taken in this case was to the board of county commissioners of Butler county. This board has jurisdiction over appeals taken from the county superintendent who changes the boundary lines of districts lying wholly within the county of which he is an officer. It has no jurisdiction, however, over appeals taken from an order changing the boundary line of a joint district, made by the superintendents having charge of such matters.

It may not be assumed that because the interests of district No. 100 are affected by the order made by the joint action of the superintendents having control of the joint district, and because district No. 100 is wholly within Butler county, that an appeal may be taken to the county commissioners of that county for the purpose of reviewing such order. This can not be done. An appeal must take up for review the whole subject matter acted upon by the tribunal from which the appeal is taken. In this case the effect which the order had upon district No. 100 was merely incidental to the

main question acted upon by the superintendents, which was, to change the boundary lines of joint district No. 110. An appeal can not be taken in fragments, but the whole question must be reviewed together. As we view the law, the appeal in this case to the board of county commissioners of Butler county was without jurisdiction and void. The appeal conferred no power upon the board, and everything it did in the premises was nugatory.

Application was made to the proper tribunal to change the boundaries of joint district No. 110. That tribunal acted upon the application presented to it. It had jurisdiction of the subject matter. Notice of its action was duly given, and no appeal was taken therefrom to any proper tribunal having authority to review the action taken. No other remedy is provided. The plain and adequate remedy provided by law for such cases not having been employed, injunction may not be invoked.

The injunction proceedings are reversed and set aside.

JOHNSTON, C. J. (dissenting) : I concur in the ruling that an appeal from the joint action of several county superintendents changing the boundaries of a joint school district must be taken to the state superintendent, but I am of the opinion that in the hearing and decision of the application for a change the superintendents of Butler and Sedgwick counties did not act jointly within the meaning of the law and that the order made was without force. The two superintendents did act jointly in giving notice of the meeting when interested parties would be heard and the application for a change considered and decided. A hearing was had at the time and place specified, but the superintendent of Butler county alone attended the meeting. It is true that he afterward consulted with the superintendent of Sedgwick county, who appears to have concurred in making the proposed change, but this

long-distance concurrence by the absent superintendent, based on hearsay statements as to what occurred at the hearing, does not meet the requirements of the statute. The superintendent of Sedgwick county could not delegate the authority to act for him to the superintendent of Butler county, any more than the latter could delegate the authority of both to the county attorney or some other officer. The law vests the power and imposes the duty on both superintendents, and contemplates, in my opinion, a hearing in which the several superintendents shall be present and participate in every step of the proceeding.

I am authorized to say that Mr. Justice BENSON concurs in this dissent.