No. 36,054

WILLIAM L. WAY, *Appellee,* v. S. A. SWAIN, *Appellant.*

(146 P. 2d 414)

Opinion filed March 4, 1944.

*Justus N. Baird,* of Kansas City, argued the cause, and *Elmer E. Martin,* of Kansas City, was on the briefs for the appellant.

*A. J. Herrod,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action by a landlord to recover rent. The plaintiff prevailed and the defendant appeals.

William L. Way rented some farm land to S. A. Swain under a written lease running from April 1, 1940 to March 1, 1941, at thirty dollars a month, payable monthly. After expiration of the term Swain continued to occupy the land, with the consent of Way, but with no written extension of the lease. He paid the rent regularly until November 1, 1941, when he ceased to occupy the premises and

declined to make further payments. In November, 1942, Way brought action in the city court of Kansas City, to recover rent from November 1, 1941 to March 1, 1942, and $13.44 for a city water bill for which he alleged the defendant was liable, but which he was compelled to pay. The defendant did not contest in the city court and the plaintiff was given judgment for the amount sought. Appeal was taken and trial had by a jury in district court. Full recital of the evidence is not necessary. There is no contention that the tenant gave any written notice that he was going to vacate the premises. The appellant did testify that in August, 1941, he told appellee's employee that he was going to vacate on November 1, 1941, and that he orally notified the appellee to the same effect in October, 1941. Also that in June, 1941, appellee asked him if he would vacate the place in the event the place could be sold and he replied that he would. Appellant testified that his belongings had been moved from the place by November 1, 1941. Appellee testified that appellant removed part of his belongings in November, 1941, but that "some of his stuff remained there until January, 1942." Appellant testified that the stuff which he left on the farm had been sold but that he didn't know when it was removed, and he admitted that he never told the appellee that he had sold the farm machinery.

The court instructed the jury, in substance, that under the undisputed evidence the written lease was for a term of eleven months expiring on March 1, 1941; that after the expiration of the term the tenant continued to occupy the premises, with the consent of the landlord, and that he paid rent until November 1, 1941; that under such circumstances the law implies a continuation of the tenancy upon the same terms and conditions specified in the written lease; that inasmuch as the written lease was for a term of eleven months the continued tenancy was for a like period, which would fix the expiration date as of February 1, 1942. The jury was instructed to bring in a verdict for the plaintiff for $100.38, covering rent at $30 a month from November 1, 1941 to February 1, 1942, and the undisputed water bill of $10.38.

Appellant's principal contention is that under the facts stated the continued tenancy, after expiration of the written lease, was not a tenancy for an eleven months' period but was a statutory tenancy from month to month.

Before considering the issue on its merits we note appellee's motion to dismiss the appeal. He contends the appeal was not

taken in time, not being perfected within two months of the date of the judgment.  (G. S. 1941 Supp. 60-3309.)

The judgment was rendered on June 14, 1943.  On June 15, 1943, the defendant moved for judgment in his favor notwithstanding the directed verdict and also moved for a new trial.  Both motions were taken under advisement and were overruled on September 11, 1943. Six days later, on September 17, 1943, defendant filed notice of appeal from the judgment of June 14, 1943, and from the order of September 11 overruling the motions.  While the abstract does not contain the journal entry of judgment and does not disclose whether judgments was formally entered following the return of the verdict, appellant's notice of appeal refers to "the judgment rendered and made  .  .  .  on the 14th day of June, 1943," and we shall treat it as having been entered on that date.  It thus appears that the appeal was not taken until more than three months after the judgment. However, a motion for a new trial had been filed in time and was not ruled upon until September 11.  From that ruling the appeal was promptly taken.  One of the grounds assigned in the motion for a new trial was that the court erred in its instructions directing the jury to bring in a verdict for the plaintiff.  If this instruction was error it was a trial error, reviewable under the appeal from the order denying a new trial.  The motion to dismiss must be denied.

Appellant contends that the continued tenancy became a tenancy from month to month under the provisions of section 67-503, G. S. 1935, which is as follows:

"When rent is reserved payable at intervals of three months or less, the tenant shall be deemed to hold from one period to another equal to the interval between the days of payment, unless there is an express contract to the contrary."

Since the instant rent was payable monthly appellant's argument would be persuasive were it not for other statutory provisions, particularly section 67-506, G. S. 1935, which we shall briefly examine.

Section 67-501, G. S. 1935, provides that "Any person in the possession of real property with the assent of the owner is presumed to be a tenant at will, unless the contrary is shown except as herein otherwise provided," etc.  We think this section is not here applicable because the facts bring the. case within other specific statutory provisions.

Section 67-502 provides that "when premises are .let for one or more years, and the tenant with the assent of the landlord con-

tinues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year." This statute is inapplicable because the written lease was not "for one or more years" but was only for eleven months.

Section 67-503, relied upon by appellant, has already been quoted. Even if it were otherwise controlling appellant would be met by the provisions of section 67-504, that—

"Thirty days' notice *in writing* is necessary to be given *by either party* before he can terminate a tenancy at will, *or from one period to another of three months or less;*" etc. (Italics supplied.)

It is conceded that appellant gave no written notice. Section 67-505 provides:

"All tenancies from year to year may be terminated by at least thirty days' notice in writing, given to the tenant prior to the expiration of the year."

Even though the continued tenancy in this case be regarded as a "tenancy from year to year" it is not helpful to appellant because there was no written notice.

We come to section 67-506, G. S. 1935, which provides:

"In cases of tenants occupying and cultivating farms, the notice must fix the termination of the tenancy to take place on the first day of March: *Provided,* That if such tenant becomes a tenant from year to year by occupying the premises after the expiration of the term fixed in a written lease, the notice of termination of tenancy must fix the termination of tenancy to take place on the same day of the same month following the service of the notice as the day and month of termination fixed in the original lease under which said tenant first occupied the premises."

Not only is this the only statute to which our attention is called which clearly applies to the instant case, but being a statute of special application it would be controlling as against statutes of general application—under a general and well-settled rule of statutory construction. (59 C. J. 1056; *Harkrader v. Whitman,* 142 Kan. 186, 192, 46 P. 2d 1; *Wulf v. Fitzpatrick,* 124 Kan. 642, 261 Pac. 838; *Johnson v. Eddy,* 138 Kan. 705, 711, 27 P. 2d 283.)

The trial court rested its decision upon a general rule that where a tenant holds over beyond the term of the original lease, with the consent of the landlord, the law implies a continuation of the tenancy under the same terms and conditions as provided in the original lease. Assuming that to be the general rule, we still have section 67-506, which applies, without reservation, to tenancies of farm lands. Moreover, it is common knowledge that .it is the usual

practice in this state to terminate farm tenancies in accordance with that statute.

Under the statute and the facts disclosed by the record appellee would have been entitled to rent to March 1, 1942. The trial court awarded rent to February 1, 1942, and no cross-appeal was taken.

Lastly, appellant contends that the appellee offered no evidence that he had taken any measures to mitigate his damages, after knowing that the premises had been vacated. But appellant admitted that some of his stuff was left on the farm, testifying that he sold it but didn't know when it was moved and never told the appellee he had sold the farm machinery. Furthermore, appellant does not claim that appellee had any written notice as required by statute.

We find no grounds for disturbing the judgment and it is affirmed.