## No. 37,955

THE STATE OF KANSAS, *ex rel.*, Samuel Mellinger, County Attorney of Lyon County, Kansas, *Appellee*, v. ADEL F. THROCKMORTON, State Superintendent of Public Instruction; EDITH SPELLMAN, County Superintendent of Public Instruction of Lyon County; and GLADIOLA BOWMAN, County Superintendent of Public Instruction of Coffey County; and JOINT SCHOOL DISTRICT NO. 1 OF LYON AND COFFEY COUNTIES, *Appellants*.

(219 P. 2d 413)

Opinion filed June 10, 1950.

*Alex Hotchkiss*, of Lyndon, argued the cause, and was on the briefs for appellants Edith Spellman, County Superintendent of Public Instruction of Lyon County, and Joint District No. 1, Counties of Lyon and Coffey.

*Frank T. Forbes*, of Burlington, argued the cause, and was on the briefs for appellant Gladiola Bowman, County Superintendent of Public Instruction of Coffey County.

*Clarence Malone*, of Topeka, and *John E. Wheeler*, of Marion, argued the cause, and *Samuel Mellinger*, county attorney of Lyon county, was with them on the briefs for the appellee.

*Harold R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were on the briefs of the attorney general as *amicus curiae.*

The opinion of the court was delivered by

WERTZ, J.: This is an action for injunction brought in the name of the state to restrain the enforcement of an order of the county superintendents of public instruction of Lyon and Coffey counties altering the boundaries of Joint School District No. 1 of Lyon and Coffey counties.

The action is brought against the state superintendent of public instruction, the county superintendents of Lyon and Coffey counties, and Joint School District No. 1 of Lyon and Coffey counties. Motion to quash service of summons on the state superintendent of public instruction was sustained and he is no longer a party to this action. Issues were joined and the case tried by the district court. From its judgment granting the injunction, defendants (county superintendents and joint school district) appeal.

The facts may be stated by narrating the court's findings: Joint District No. 1, Counties of Lyon and Coffey, lies within both of said counties and maintains a high school. Common School District No. 15 lies wholly within Lyon county, Kansas, a portion of its area being within the boundaries of Neosho Rapids Joint Rural High-school District No. 3. Following presentation of an application for such purpose, the county superintendents of Lyon and Coffey counties gave notice of, and held a hearing, considering alteration of the boundaries of Joint District No. 1, Counties of Lyon and Coffey, by attaching thereto all of Common School District No. 15, Lyon county, Kansas, except that portion contained within the boundaries of Neosho Rapids Joint Rural High-school District. At such hearing, held on May 17, 1949, the two county superintendents, acting jointly, altered the boundaries of Joint District No. 1, Counties of Lyon and Coffey, as applied for. Within the time prescribed by law, an appeal from their order was taken to the state superintendent of public instruction, who held a hearing on July 15, 1949, and on August 10, 1949, rendered his decision sustaining the action of the county superintendents. That portion remaining of Common School District No. 15 within the boundaries of Neosho Rapids Joint Rural High-school District No. 3 and not included by such orders in Joint District No. 1, Counties of Lyon and Coffey, contained a school population of less than fifteen consisting of two pupils of school age, one of whom was actually attending school.

There is here no question as to the facts. The trial court made findings of fact as above related and concluded as a matter of law that the alteration of boundaries of Joint District No. 1, Counties of Lyon and Coffey, which left Common School District No. 15 with a school population of less than fifteen without first having obtained the approval of the board of county commissioners of Lyon county, Kansas, was unlawful and the order made was of no further force and effect, and permanently restrained and enjoined the county superintendents of Lyon and Coffey counties from enforcing their order altering the boundaries of Joint School District No. 1 made on May 17, 1949.

Within time appellants filed their motion for judgment on the findings of fact on the ground that they do not support the conclusion of law and judgment, and their motion for a new trial alleging erroneous rulings of the court and that the decision is contrary to the evidence. Each motion was argued to the court and overruled, and appellants appeal from such rulings assigning as error that the lower court erred in its conclusion of law and in overruling their motions for judgment on the findings of fact and for a new trial.

The question presented here is one of statutory interpretation. Appellants contend that G. S. 1935, 72-304, relating to alteration of boundaries of joint school districts is a specific act, complete within itself, and as such not subject to the provisions of G. S. 1935, 72-213, relating to the formation and alteration of boundaries of school districts lying wholly within the boundaries of a single county. Appellee contends that G. S. 1935, 72-213 and 72-304 are companion laws, a part of the general school laws, and that they are pari materia and should be so construed; and that the county superintendents in proceeding under 72-304 are bound by the limitations contained in 72-213.

G. S. 1935, 72-213 provides in part:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts, and to change such districts when the interests of the inhabitants thereof require it . . . but no new school district shall be formed containing less than fifteen persons of school age, no district shall be so changed as to reduce its school population to less than fifteen . . . *Provided,* That any person interested may appeal to the board of county commissioners from the action of the county superintendent: *And provided further,* That the restrictions as to school population and assessed valuations of this section shall not prevent desirable changes in school-district boundaries when the proposed alteration of boundaries is approved by the board of county commissioners. . . ."

This section of the general school law provides for the formation and alteration of school districts wholly within a county, placing certain restrictions thereon and granting aggrieved parties the right of appeal to the board of county commissioners from the action of their county superintendent.

G. S. 1935, 72-309 provides:

"If in the formation or alteration of or refusal to form or alter school districts any person or persons shall feel aggrieved, such person or persons may appeal to the board of county commissioners, who shall confer with the county superintendent, and their action shall be final . . ."

This section applies to school districts situated wholly within one county and does not apply where joint school districts are involved. (*State, ex rel., v. Rural High School Joint District,* 115 Kan. 526, 222 Pac. 1106.)

G. S. 1935, 72-303 provides in part:

"When it shall become necessary to form a school district lying partly in two or more counties, the county superintendents of the counties in which the said tract of country shall be situated, when application shall be made in writing to any one of them by five householders, residents therein, shall, if by them deemed necessary, meet and proceed to lay off and form the same into a school district, issue notices for the first district meeting, and shall file the proper papers in their respective offices . . . *Provided further,* That no property shall be attached to an adjacent district situated in another county until notice has been given of an intention so to do and a hearing had as to the necessity or advisability of attaching such territory to the adjacent district."

This section of the school law provides for the formation of joint school districts lying partly in two or more counties and for attachment of territory to them, setting out the procedure to be followed in formation and attachment of territory.

G. S. 1935, 72-304 provides:

"Such district so organized or having had adjacent territory in another county attached thereto shall be designated as 'joint district number ........, counties of ...................;' and the boundaries of such district shall not be altered except by the joint action of the superintendents of the several counties represented in said district."

This section sets up certain restrictions and requires joint action of the county superintendents of the several counties represented in the joint district.

G. S. 1935, 72-305 provides:

"That if in the alteration of or refusal to alter the boundaries of any joint school district, or in the attaching or refusal to attach, to a school district adjacent territory situated in another county, any person or persons shall feel

aggrieved, such person or persons may appeal to the state superintendent of public instruction . . . [provisions for notice and service] . . . and thereupon the state superintendent of public instruction shall fix a time for the hearing of said appeal, and notify the several county superintendents interested, and the appellants thereof; and his decision on said appeal shall be final, and shall be by him certified to the several county superintendents interested, and they shall take action in accordance therewith: *And provided further,* That each joint district, except in matters relating to the alteration of the boundaries thereof, shall be under the jurisdiction and control of the superintendent of that one of the counties in which the main school building is located."

This section provides for appeal to the state superintendent of public instruction from the action of the county superintendents in formation, attachment or alteration of boundaries of joint school districts or refusal to do so.

The statute (72-213) applying to school districts lying wholly within a county, and the statutes (72-303, 304 and 305) applying to joint school districts are separate and complete in themselves and require or borrow nothing from the others; they provide separate and exclusive methods of formation and alteration of boundaries, and different methods of appeal.

The conclusion of law of the trial court would require the two county superintendents to obtain approval of the board of county commissioners of Lyon county before the boundaries of Joint District No. 1 could be altered and leave Common School District No. 15 with a school population of less than fifteen. We think the court erred in its conclusion for the reason that the officers acting were the county superintendents of two counties and the subject matter was a joint school district, Joint School District No. 1, lying in two counties. The board of county commissioners of Lyon county could have no jurisdiction over the two county superintendents acting in their joint capacity and over a joint district, a subject matter included in two counties. The procedure here is to alter a joint district outside the jurisdiction of the commissioners of Lyon county, and the effect on Common School District No. 15 is but incidental to the exercise of that power. The board of county commissioners has jurisdiction over appeals taken from the county superintendent who changes the boundary lines of districts lying wholly within the county in which he is an officer. It has no jurisdiction, however, over appeals taken from an order changing the boundary lines of a joint district, made by two or more superintendents given author-

ity over such matters. (*Field v. School District*, 83 Kan. 186, 109 Pac. 775; *State, ex rel., v. Rural High School Joint District*, supra.) Appeals from orders concerning joint school districts are to the state superintendent of public instruction (72-305, *supra*) and appeals from orders concerning school districts lying wholly within a county are to the board of county commissioners (72-309, *supra*). The jurisdiction of the board of county commissioners is only invoked by appeal. It has no original jurisdiction or authority in these matters; that belongs to the county superintendent alone. The only function of the board in this regard is to determine whether the decision of the county superintendent shall be sustained. (*State v. Secrest*, 60 Kan. 641; 57 Pac. 500.) Since approval of boundaries not in compliance with the school population provision can come on jurisdiction acquired only on appeal, this restriction can have no application to joint districts where the appeal is not to the board of county commissioners but to the state superintendent.

In the construction of statutes and reconciliation of conflicts, the court must always ascertain the intention of the legislature, if it can be done, from the subject matter of the statutes, and where there is a conflict, the entire context of the statutes and the consequences of their enactment may be taken into consideration. (*County Board of Education v. Fiscal Court*, 221 Ky. 106, 298 S. W. 185.)

It is clear that the legislature intended by the mentioned acts to provide separate methods for the formation and alteration of school districts lying wholly within a county and joint school districts lying in two or more counties. It is a cardinal rule of law that statutes complete in themselves, relating to a specific thing, take precedence over general statutes or over other statutes which deal only incidentally with the same question, or which might be construed to relate to it. Where there is a conflict between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls in a proper case. This rule is applicable here. (*Way v. Swain*, 158 Kan. 238, 146 P. 2d 414; *Sherman County Comm'rs v. Alden*, 158 Kan. 487, 148 P. 2d 509; *Cutrel v. Best*, 169 Kan. 16, 18, 217 P. 2d 270; *County Board of Education v. Fiscal Court*, supra; 50 Am. Jur. 371 §§ 366, 367.) Sections 72-303, 304 and 305, G. S. 1935, relating to alterations of boundaries of joint school districts, are specific legislative acts which are complete in themselves, and these sections are

neither subject to the provisions of, nor bound by the limitations of section 72-213 relating to the formation and alteration of school districts lying wholly within the boundaries of a single county.

The judgment of the district court is reversed and the case remanded with instructions to dissolve the permanent injunction issued in said cause.